**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| MELANIE ORTIZ,<br><br>*Plaintiff,*<br><br>v.<br><br>CITY OF MIAMI, a Florida municipal corporation; RODOLFO LLANES, individually; FABIO SANCHEZ, individually; FRATERNAL ORDER OF POLICE, WALTER E. HEADLEY, JR., MIAMI LODGE NO. 20, an employee organization; and JAVIER ORTIZ, individually,<br><br>*Defendants.* | Civil Action No. 20-25132-Civ-Scola |

**DEFENDANTS, MIAMI FRATERNAL ORDER OF POLICE,
LODGE NO. 20, INC. AND JAVIER ORTIZ'S
<u>MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

Defendants, Miami Fraternal Order of Police, Lodge No. 20, Inc., misnamed in this action as Fraternal Order of Police, Walter E. Headley, Jr., Miami Lodge No. 20 ("FOP"), and Javier Ortiz ("Mr. Ortiz") (collectively "Defendants"), by and through the undersigned counsel and pursuant to Fed. R. Civ. P. Rules 12(b)(1) and 12(b)(6), respectfully move this Honorable Court to dismiss the Plaintiff's Amended Complaint for all claims against Defendants with prejudice, and state as follows:

<u>**INTRODUCTION**</u>

This Court should dismiss the Amended Complaint as to Defendants for three (3) reasons. First, Plaintiff's § 1983 claim (Count I) must be dismissed as Plaintiff fails to plead requisite "state action" and "constitutional violation" elements. Specifically, as a labor union and union president,

Case No.: 20-25132-Civ-Scola

Defendants are private actors – not state actors. Further, despite attempting to plead due process, conspiracy, and fraud claims under § 1983, Plaintiff has failed to state any of these claims as (1) Plaintiff's due process claim, premised on Plaintiff's state law created rights to employment, fails as a matter of law; and (2) Plaintiff fails to allege facts sufficient to plead conspiracy and fraud claims.

Second, Plaintiff's civil conspiracy claim (Count II) must be dismissed because lack of actionable underlying wrong as Plaintiff's § 1983 claim fails as a matter of law. Moreover, similar to Count I where Plaintiff fails to plead facts sufficient to establish conspiracy and fraud under § 1983, in Count II Plaintiff fails to properly allege facts to establish a civil conspiracy claim.

Third, Plaintiff's fraud claim (Count III), premised on Defendant, Mr. Ortiz's alleged breach of duty of fair representation as union representative, must be dismissed because the Court lacks subject matter jurisdiction. The exclusive jurisdiction for such a claim rests with the Public Employee Relations Commission. Moreover, the fraud claim is barred by the six (6)-month statute of limitations under the Florida Public Employees Relations Act.

Accordingly, for all the reasons detailed below, this Court should dismiss all claims contained in the Amended Complaint against Defendants with prejudice.

## STATEMENT OF FACTS

1. This action arises out of an alleged "coerced" resignation of Plaintiff, Melanie Ortiz, a former City of Miami police officer. D.E. 6 at ¶ 1. Specifically, Plaintiff alleges that Defendant, Mr. Ortiz, "bullied [Plaintiff] into signing an irrevocable form-letter of resignation by threatening immediate arrest and ensuing media shame." *Id.*

2. Defendant, Mr. Ortiz, was the then president of Defendant, FOP, and represented Plaintiff in Internal Affairs investigations. *Id.* at ¶ 9. Plaintiff claims that Defendant, Mr. Ortiz,

was "not under color of state law as a lieutenant of police, but rather as a policy-making official of the police union." *Id.*

3. Defendant, FOP, as a public employee labor union, was allegedly involved in the subject incident "through the actions of [Mr. Ortiz], its president." *Id.* at ¶ 8.

4. On or around December 2016, Plaintiff was summoned to Internal Affairs to give a statement in connection with a tow-truck scheme investigated by FBI in or around December 2016. *Id.* at ¶¶ 10, 39. During this Internal Affairs proceeding, Defendant, Mr. Ortiz, allegedly recommended that Plaintiff execute a resignation letter. *Id.* at ¶ 16.

5. Plaintiff's resignation letter was subsequently accepted by co-defendant, Rodolfo Llanes, the then Chief of Police. *Id.* at ¶ 25.

6. Approximately four (4) years later, Plaintiff now alleges the resignation was not voluntary. *Id.* at ¶¶ 1, 26, 35.

7. As a result, on December 16, 2020, Plaintiff filed suit against Defendants, FOP and Mr. Ortiz, along with co-defendants, City of Miami (the "City"), the then Sergeant of Police Fabio Sanchez, and the then Chief of Police Rodolfo Llanes.[1] As it relates to these Defendants, Plaintiff asserts three (3) claims : (1) violation of 42 U.S.C. § 1983 ("Count I"), (2) civil conspiracy ("Count II"), and (3) fraudulent representation ("Count III").

## LEGAL STANDARD

### I. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *See Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1332-33 (11th Cir. 2010).

---

[1] Plaintiff's Complaint filed on December 16, 2020 also names Jorge Colina, Jose A. Rodriquez, and Shanetta Green, who are subsequently dismissed from this action on February 22, 2021. D.E. 1, 9. As a result, Plaintiff filed her first amended complaint on February 22, 2021 ("Amended Complaint"). D.E. 6.

Case No.: 20-25132-Civ-Scola

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," but must allege more than "labels and conclusions," "formulaic recitation of the elements of a cause of action," or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts are not required to accept the labels and legal conclusions in the complaint as true. *See Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).

To survive a motion to dismiss, a complaint must contain facts that, when assumed to be true, sufficiently "state a claim to relief that is *plausible on its face*." *Iqbal*, 556 U.S. at 678 (emphasis added). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal"). A complaint that does not "contain sufficient factual matter, accepted as true, to state a claim . . . plausible on its face" is subject to dismissal. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010)(citing *Twombly*, 550 U.S. at 570). Moreover, "when the allegations of the complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (citations and quotations omitted).

Furthermore, a Rule 12(b)(6) dismissal on a statute of limitations ground is appropriate "only if it is 'apparent from the face of the complaint' that the claim is time-barred." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)(citations omitted). Finally, leave to amend may be denied "where amendment would be futile." *Varona v. Rietmann*, No. 11-20657-

CIV, 2012 WL 1947327 at *4 (S.D.Fla. 2012) (citing *Coresello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)).

## II. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the court's exercise of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A motion to dismiss challenging subject matter jurisdiction comes in two (2) forms: facial attacks and factual attacks. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1528-1529 (11th Cir. 1990). Facial attacks on a complaint require the court to only look at the four (4) corners of the pleading to determine if subject matter jurisdiction has been sufficiently established. *Id.* at 1529. By contrast, factual attacks challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings. *Id.* As a result, matters beyond the four (4) corners of the complaint may be considered by the court with respect to Rule 12(b)(1) motions. *Id.* For the purposes of this Motion, matters beyond the four corners of Plaintiff's Amended Complaint need not be considered, as Defendants assert a facial attack on subject matter jurisdiction of Count III.

## ARGUMENT

### I. COUNT I OF PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983

Count I of the Amended Complaint, which alleges violations of Fifth and Fourteenth Amendments pursuant to 42 U.S.C. § 1983, must be dismissed because Plaintiff has not alleged any facts that would bring this claim within 42 U.S.C. § 1983. Significantly, "[t]o state a claim under § 1983, a plaintiff must allege [1] the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)(citations omitted). As detailed below, Plaintiff has failed to plead either element required under § 1983.

### A.     Plaintiff's Amended Complaint Fails to Allege Defendants are State Actors

In general, unions are private actors - not state actors. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 815 (7th Cir. 2009). It is well-settled that "the under-the-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Therefore, the reach of § 1983 to assert a claim for deprivation of constitutional rights against a private party is extremely limited. Indeed, "[o]nly in ***rare circumstances*** can a private party be viewed as a 'state actor' for section 1983 purposes." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)(emphasis added).

In this regard, the United States Supreme Court has articulated a number of different tests and the Eleventh Circuit has discerned three (3) primary tests – (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. *Nat'l Broad. Co., Inc. v. Communications Workers of Am., AFL-CIO*, 860 F.2d 1022, 1026 (11th Cir. 1988); *see also Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 939 (1982). Here, Plaintiff fails to allege any facts to support that Defendants, as private actors, may be viewed as state actors under any of these tests.

### 1.     Plaintiff's § 1983 Claim Fails the Public Function Test

"The public function test for state action has been limited strictly, and covers only private actors performing functions 'traditionally the exclusive prerogative of the State.'" *Nat'l Broad. Co.*, 860 F.2d at 1026 (citations omitted). Here, the Amended Complaint pleads no facts whatsoever that Defendants have performed any functions that are the exclusive prerogative of the State. Neither does the Amended Complaint cite to any authority in support of the position that a termination of public employment could be considered as a function *exclusively* reserved to the State. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 158 (1978)("While many functions have been

traditionally performed by governments, very few have been 'exclusively reserved to the State.'"); *Allocco v. City of Coral Gables*, 221 F.Supp.2d 1317, 1374-75 (S.D. Fla. 2002)(concluding that "the type of internal administrative/personnel issues at issue in this case are exactly the type of decisions that do not satisfy the public function analysis.")(quotations omitted). Accordingly, Plaintiff's § 1983 claim fails the public function test.

### 2. Plaintiff's § 1983 Claim Fails the State Compulsion Test

The state compulsion test limits state action to instances where the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." *Nat'l Broad. Co.*, 860 F.2d at 1026 (citations omitted). To sustain a § 1983 action under this test, Plaintiff must show that the City "exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982)(quotation omitted).

Here, the Amended Complaint fails to allege that any state or local agencies either "coerced" or "significantly encouraged" any action by Defendants. Plaintiff only conclusory alleged that Defendant, Mr. Ortiz's conduct "was motivated by a desire to maintain or improve the relationship between the FOP and the City of Miami." D.E. 6 at ¶ 9. The Amended Complaint does not allege any facts concerning FOP's dependency on the City or the extent of City's regulations of FOP. *Allocco*, 221 F. Supp. 2d at 1375 (finding that in assessing the state compulsion test, courts have considered the following factors: "(1) private dependency on the public entity for funding; and (2) the extent of the public entity's regulation of the private entity.")(quoting *Rendell-Baker*, 457 U.S. at 840-41; *Blum v. Yaretsky*, 457 U.S. 991, 1009-10 (1982)). Accordingly, Plaintiff's bare allegations, devoid of facts regarding any involvement by a state or local governmental agency,

fall far short of meeting the state compulsion test. Therefore, Plaintiff's § 1983 claim fails the state compulsion test.

### 3. Plaintiff's § 1983 Claim Fails the Nexus/Joint Action Test

The nexus/joint action test applies where "the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise." *Nat'l Broad. Co.*, 860 F.2d at 1026-27 (citations omitted). "To charge a private party with state action under this standard, the governmental body and private party must be intertwined in a 'symbiotic relationship.'" *Id.* at 1027 (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 357 (1974)); *see also Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)(stating that under the nexus test, there must exist such a "sufficiently close nexus between the [s]tate and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the [s]tate itself.")(internal citations omitted).

Here, the Amended Complaint contains no reference to such "symbiotic relationship" between Defendants and the other co-defendants. As more fully analyzed below, Plaintiff's conclusory allegations of a conspiracy between Defendants and co-defendants are not sufficient to bring Defendants within the scope of § 1983. *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984)("In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed. A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of [§ 1983] conspiracy."). Let alone to establish any "symbiotic relationship" between Defendants and other co-defendants. Therefore, Plaintiff's § 1983 claim fails the nexus/joint action test.

Case No.: 20-25132-Civ-Scola

### B. Plaintiff Fails to Plead Any Constitutional Violation(s)

Assuming *arguendo*, that Plaintiff established that Defendants were private actors operating under the color of state law, Plaintiff's § 1983 claim fails because Plaintiff has not alleged a constitutional violation. In relevant part, Plaintiff alleges that Defendants violated § 1983 by (1) violating Plaintiff's right to due process, (2) conspiring with co-defendants to violate her right to due process; and (3) fraudulently presenting that the City had had evidence Plaintiff participated in the tow-truck scheme. D.E. 6 at ¶ 1. As discussed below, Plaintiff has failed to state any of these claims under § 1983 as (1) Plaintiff's due process claim, premised on Plaintiff's state law created rights to employment, fails as a matter of law; and (2) Plaintiff fails to properly plead conspiracy and fraud claims given the failure of her due process claim and Plaintiff's conclusory allegations.

### 1. Plaintiff Fails to Plead a Violation of Due Process under § 1983

The Due Process Clause of the Fourteenth Amendment provides no state "shall ... deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. The Supreme Court's interpretation of this clause "explicates that the amendment provides two different kinds of protection: procedural due process and substantive due process." *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994) (citing *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).

The substantive component of due process clause protects "fundamental rights," which are "deeply rooted in this Nation's history and tradition" and are "implicit in concept of ordered liberty." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997)(internal quotations omitted). "A finding that a right merits substantive due process protection means that the right is protected 'against a certain government action regardless of the fairness of the procedures used to implement them.'" *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994)(quoting *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 125 (1992)). On the other hand, "[p]rocedural due process rules are

meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." *Carey v. Piphus,* 435 U.S. 247, 259 (1978). Here, both Plaintiff's substantive and procedural due process claims fail as a matter of law.

      i.    **Plaintiff's Substantive Due Process Claim Fails as a Matter of Law**

Plaintiff's substantive due process claim, pursued under a property interest theory, fails as a matter of law because the allegedly infringed right to employment is a state-law created right, which is only entitled to procedural due process protection. "[A]reas in which substantive rights are created only by state law ([i.e.] tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.'" *McKinney*, 20 F.3d at 1556 (quoting *Regents of Univ. of Michigan v. Ewing*, 474 U.S. 214, 228 (1985)(J. Powell, concurring)). Accordingly, state-law based rights "constitutionally may be rescinded so long as the elements of procedural – not substantive – due process are observed." *Id.* (holding that plaintiff's allegations concerning loss of employment, including allegations regarding his purported "liberty interest in his good name and reputation," only supported a procedural due process claim).

Here, the property right to employment claimed by Plaintiff is a solely state-law created right as Plaintiff states that her right to employment is protected by the City of Miami Civil Service Ordinance and the "Law Enforcement Officers' Bill of Rights", Florida Statutes §§ 112.531-535. D.E. 6 at ¶ 4. Therefore, Plaintiff's substantive due process claim is barred by *McKinney* and its progeny.

      ii.    **Plaintiff's Procedural Due Process Claim Fails as a Matter of Law**

Plaintiff's procedural due process claim fails as a matter of law because Plaintiff has adequate state remedies which she failed to utilize. "To state a § 1983 procedural due process

claim, a plaintiff must allege 'constitutionally-inadequate process.'" *Hogan v. City of Fort Walton Beach*, 817 Fed. Appx. 717, 722 (11th Cir. 2020)(quoting *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006)(stating that elements of a § 1983 procedural due process claim are: (1) deprivation of constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process)). In other words, "***only*** when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *McKinney*, 20 F.3d at 1557 (emphasis added); *see also Cotton v. Jackson*, 216 F.3d 1328, 1331 (11th Cir. 2000)("[A] section 1983 claim is not stated unless inadequate state procedures exist to remedy an alleged procedural deprivation.").

Here, Plaintiff's procedural due process claim fails for two (2) reasons. First, as concluded in *McKinney*, Florida state remedies for employment are adequate and satisfy procedural due process for the purposes of § 1983. *McKinney*, 20 F.3d at 1564. As *McKinney* court stated, "Florida courts indeed do have the power to review employment termination cases, and inherent in that power to review is the power to remedy deficiencies and to cure violations of due process." *Id.* at 1563. Further, Florida state courts possess broad powers of certiorari review to "'[r]eview[ ] the entire cause [and] consider[ ] ... every aspect' of the case to determine whether due process was observed." *Id.* (quoting *Seminole County Bd. of County Com'rs v. Long*, 422 So. 2d 938, 941 (Fla. 5th DCA 1982)). Therefore, as "Florida courts possess the power to remedy [plaintiff's] loss both in terms of damages and equitable relief," Florida state remedies are adequate and Florida procedures satisfy procedural due process for the purposes of § 1983. *Id.* at 1564.

Second, Plaintiff's failure to take advantage of any state remedies, opting instead to pursue her claim in federal court, makes her § 1983 procedural due process claim improper. *Id.* at 1563. Here, despite being fully aware of procedures provided under the collective bargaining agreement

and the Civil Service Board (D.E. 6 at ¶ 4), Plaintiff does not allege any attempts to utilize any available state remedies, including (1) filing a grievance challenging the employment action; (2) filing a Civil Service appeal; (3) challenging the employment action before the Public Employee Relations Commission; and (4) filing a state court action. *See Gadzinski v. City of Fort Walton Beach*, 2011 WL 13233289, at *4 (N.D. Fla. July 12, 2011)("The Eleventh Circuit has thus recognized that the PERA [Florida Public Employees Relations Act] provides an adequate remedy to public employees claiming a denial of procedural due process.")(citing *Wilson v. Farley*, 203 Fed. Appx. 239, 249 (11th Cir. 2006)). Further, Plaintiff does not allege that the state remedies or procedures are inadequate. Therefore, both Plaintiff's § 1983 substantive and procedural due process claims fail as a matter of law and must be dismissed with prejudice.

### 2. Plaintiff Fails to Plead a § 1983 Conspiracy Claim

To state a § 1983 conspiracy claim, a plaintiff must show (1) the parties "reached an understanding" to deny the plaintiff's right; (2) the conspiratorial acts must "impinge upon the federal right"; and (3) there is an "actionable wrong" to support the conspiracy. *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990). Here, Plaintiff's § 1983 conspiracy claim fails because Plaintiff has failed to plead the "federal right" and the "understanding" elements.

First, as analyzed above, Plaintiff's due process claim fails as a matter of law. Accordingly, Plaintiff's conspiracy claim fails as well because the alleged conspiratorial acts, if any, would not have impinged upon any Plaintiff's federal right. *See id.* ("To maintain a 42 U.S.C.A. § 1983 action, the conduct complained of …must result in a deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States.")(citations omitted); *see Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 2011 WL 207898 *4 (11th Cir. 2011)(holding that plaintiff's § 1983 conspiracy claim failed because the complaint "contains no factual

allegations showing that his constitutional or civil rights have been infringed by a conspiracy or otherwise").

Second, Plaintiff alleged no facts showing that Defendants "reached an understanding" with any other co-defendants to deny her federal right, if any. "A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of [§ 1983] conspiracy." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984)("In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged."); *Bailey v. Bd. of County Com'rs of Alachua County, Fla.*, 956 F.2d 1112, 1122 (11th Cir. 1992)(affirming district court's final judgments for all defendants on § 1983 conspiracy claim and reasoning that "[w]hereas the linchpin for conspiracy is agreement, which presupposes communication, the defendants in this case suffered from an extreme lack of communication."); *see also Burns v. County of King*, 883 F.2d 819, 821 (9th Cir. 1989)("To state a claim for a conspiracy to violate one's constitutional rights under section 1983, the plaintiff must state specific facts to support the existence of the claimed conspiracy."); *Sales v. Murray*, 862 F. Supp. 1511, 1517 (W.D. Va. 1994)("The plaintiff must allege facts showing that the defendants shared a 'unity of purpose or common design' to injure the plaintiff [under a § 1983 conspiracy claim].")(quoting *Am. Tobacco Co. v. United States*, 328 U.S. 781, 810 (1946)).

Here, Plaintiff did not allege any communication or facts showing the "understanding" between Defendants and any other co-defendant. As such, Plaintiff's mere allegations that "Ms. Ortiz sues all defendants under 42 U.S.C. § 1983 for both violating her rights to due process, and for conspiring to do so" and that "[w]ithout the cooperation of Mr. Ortiz and the FOP, the City of Miami and its police officers identified in Counts I and II would not have been able to secure the 'voluntary' resignation of Ms. Ortiz" constitute unsupported and conclusory assertions that are

insufficient to establish the requisite "understanding" element. D.E. 6 at ¶¶ 1, 37. Therefore, Plaintiff's § 1983 conspiracy claim must be dismissed with prejudice.

### 3. Plaintiff Fails to Plead a § 1983 Fraud Claim

To the extent Plaintiff's § 1983 claim is premised on alleged fraud by Defendants, Plaintiff must allege the elements of fraud and satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b). *See Flynn v. Merrick*, 881 F.2d 446, 449 (7th Cir. 1989) (applying Rule 9(b) pleading standards to fraud claims brought in connection with a claim under § 1983). Specifically, Fed. R. Civ. P. Rule 9(b) requires a plaintiff to state "the circumstances constituting the fraud... ***with particularity***." Fed. R. Civ. P. Rule 9(b) (emphasis added). To satisfy this heightened pleading standard, a plaintiff must allege: (1) precisely what statements were made; (2) the time and place of each such statement and the person responsible for making it; (3) the content of such statements and the manner in which they were misleading; and (4) what the defendants obtained as a consequence of the fraud. *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997)(citations omitted). In other words, a plaintiff must "answer the familiar questions of who, where, when, how, and why" of the alleged fraud. *Bearse v. Main Street Invs.*, 220 F. Supp. 2d 1338, 1345 (M.D. Fla. 2002).

Here, Plaintiff alleges that Defendant, Mr. Ortiz, "on or about December 16, 2016, falsely told Ms. Ortiz that Internal Affairs had enough evidence against her to fire her and arrest her." D.E. 6 at ¶ 39. However, despite that a detective admitted *subsequently* that the City possessed no evidence against her (*Id.* at ¶ 23), Plaintiff fails to state the manner in which the subject statement was misleading or false at the time Defendant made such statement. In addition, Plaintiff fails to plead the place of the subject statement and what Defendants obtained as a consequence of the

alleged fraud. As such, Plaintiff's § 1983 claim must be dismissed to the extent that Plaintiff has failed to properly allege the elements of fraud with the particularity required by Rule 9(b).

Moreover, and significantly, regardless of the allegations concerning fraud, Plaintiff has failed to articulate a deprivation of her federal right as analyzed above. Therefore, Plaintiff's § 1983 claim, whether premised on fraud or not, must be dismissed with prejudice.

II.     **COUNT II OF PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE OF ITS FAILURE TO PLEAD A CIVIL CONSPIRACY**

Count II of the Amended Complaint which alleges a civil conspiracy must be dismissed because lack of actionable underlying wrong and Plaintiff's failure to plead a civil conspiracy claim.

### A.     The Civil Conspiracy Claim Must be Dismissed Because Lack of Underlying Wrong

Under Florida Law, a claim for conspiracy is not a "freestanding tort"; rather, it requires an actionable underlying tort or wrong. *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 764 F.3d 1327, 1339 (11th Cir. 2014)(applying Florida law); *Rebman v. Follett Higher Educ. Group, Inc.*, 575 F. Supp. 2d 1272, 1280 (M.D. Fla. 2008)(citing *Raimi v. Furlong*, 702 So.2d 1273, 1284 (Fla. 3d DCA 1997); *Wright v. Yurko*, 446 So.2d 1162, 1165 (Fla. 5th DCA 1984)). Allegations of a civil conspiracy "serve[] merely to expand liability for the underlying wrong to persons who were not directly involved in the wrongful actions." *Nance v. Maxwell Fed. Credit Union (MAX)*, 186 F.3d 1338, 1342 (11th Cir. 1999)(citations omitted).

Here, the alleged underlying wrong is a violation of Plaintiff's right to employment pursuant to § 1983. D.E. 6 at ¶¶ 34-37. As analyzed above, because Plaintiff's § 1983 claim fails as a matter of law, Plaintiff's civil conspiracy claim has no underlying wrong on which it is based. Therefore, it must be dismissed as well. *See Rebman*, 575 F. Supp. 2d at 1280 (applying Florida law and holding that as plaintiff's underlying claims failed, "the civil conspiracy claim now has

no leg left to stand on."); *see also U.S. Steel, LLC, v. Tieco, Inc.*, 261 F.3d 1275, 1294 (11th Cir. 2001)(holding that the state civil conspiracy claim failed as a matter of law after concluding that there lacked any underlying cause of action as the other claims, including a § 1983 claim, failed).

>    **B.   The Civil Conspiracy Claim Must be Dismissed Because of Plaintiff's Failure to Allege Sufficient Facts**

To state a civil conspiracy claim under Florida law, a plaintiff must allege: "[1] an agreement between two or more parties, [2] to do an unlawful act or to do a lawful act by unlawful means, [3] the doing of some overt act in pursuance of the conspiracy, and [4] damage to plaintiff as a result of the acts done under the conspiracy." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1271 (11th Cir. 2009)(quoting *Charles v. Fla. Foreclosure Placement Ctr., LLC.*, 988 So.2d 1157, 1159-60 (Fla. 3d DCA 2008)). A complaint must "set forth clear, positive, and specific allegations of civil conspiracy." *Eagletech Communications, Inc. v. Bryn Mawr Inv. Group, Inc.*, 79 So. 3d 855, 863 (Fla. 4th DCA 2012)(citation omitted). Specifically, a plaintiff must allege "the scope of the conspiracy, its participants, and when the agreement was entered into." *In re Chiquita Brands Intern., Inc. Alien Tort Statute & S'holder Derivative Litig.*, 690 F. Supp. 2d 1296, 1311 (S.D. Fla. 2010), *on reconsideration in part*, 08-01916-MD, 2015 WL 71562 (S.D. Fla. Jan. 6, 2015)(citations omitted).

Here, similar to Plaintiff's poor pleading of her § 1983 conspiracy claim, Plaintiff states her civil conspiracy claim with unsupported and conclusory assertions. Moreover, Plaintiff fails to state the scope of conspiracy and when such agreement was entered into. As such, the facts alleged in the Amended Complaint are insufficient to establish a civil conspiracy. Therefore, Plaintiff's civil conspiracy claim must be dismissed.

Case No.: 20-25132-Civ-Scola

**III.     COUNT III OF PLAINTIFF'S AMENDED COMPLAINT MUST BE DISMISSED BECAUSE LACK OF SUBJECT MATTER JURISDICTION AND RELEVANT STATUTE OF LIMITATIONS**

Count III of the Amended Complaint which alleges fraud is premised on Defendant, Mr. Ortiz's alleged breach of the duty of fair representation ("DFR") as Plaintiff's union representative. D.E. 6 at ¶¶ 9, 39-42. This claim must be dismissed because this Court lacks subject matter jurisdiction over DFR claims. Moreover, the DFR claim is barred by the six (6)-month statute of limitation under the Florida Public Employees Relations Act. FLA. STAT. §§ 447.201 – 609.

**A.     The Fraud Claim Must be Dismissed Because the Court's Lack of Subject Matter Jurisdiction**

DFR claims are a type of unfair labor practice covered by Chapter 447, Part II of the Florida Statutes; commonly known as the Public Employees Relations Act ("PERA"), which grants the Public Employee Relations Commission ("PERC") exclusive jurisdiction over "activities which 'arguably' constitute unfair labor practices." *Browning v. Brody*, 796 So.2d 1191, 1192 (Fla. 5th DCA 2001); FLA. STAT. § 447.503. As such, "principles of preemption are applicable to the functioning of PERC; jurisdiction over labor activities is preempted in favor of PERC if the activities are 'arguably' covered by [PERA]." *Maxwell v. Sch. Bd. of Broward County*, 330 So.2d 177, 179 (Fla. 4th DCA 1976); *Tracy v. Florida Atl. Univ. Bd. of Trustees*, 9:16-CV-80655, 2016 WL 7242140, at *9 (S.D. Fla. Dec. 15, 2016).

For instance, in *Tracy*, plaintiff alleged wrongful termination of his employment for excising his right to free speech and brought both federal and state law claims against union defendants. *Tracy*, 2016 WL 7242140 at *1, 9. Noting that unfair labor practices under PERA include "[i]nterfering with, restraining, or coercing public employees in the exercise of any rights guaranteed them under [PERA]," the Southern District Court of Florida concluded that plaintiff's state law claims were in connection with the termination of his employment and, accordingly, fell

within the exclusive jurisdiction of PERC. *Id.* at *9-10 (quoting FLA. STAT. § 447.501(1)). Specifically, the Court explained that:

> The Florida Supreme Court has expressly held that, once a union chooses to represent a grievant, "the manner in which it handles the grievance, *including a decision not to process the grievance for lack of merit*, is subject to the statutory duty of fair representation" which is in turn subject to the exclusive jurisdiction of PERA.

*Id.* at *10 (quoting *Galbreath v. Sch. Bd. Of Broward Cty.*, 446 So. 2d 1045, 1047 (Fla. 1984))(emphasis in original). Thus, the court dismissed the state law claims with prejudice due to the court's lack of subject matter jurisdiction. *Id.*

Here, Plaintiff's fraud claim is stemmed from Defendant, Mr. Ortiz's alleged fraudulent representations made as Plaintiff's union representative and during Plaintiff's Internal Affair proceedings. D.E. 6 at ¶¶ 9, 38-42. Similar to *Tracy*, Plaintiff's fraud claim is premised on Defendant, Mr. Ortiz's alleged breach of the DFR and is inherently an unfair labor practice claim. *Tracy*, 2016 WL 7242140 at *9-10; *Browning*, 796 So. 2d at 1192; *Florida Educ. Ass'n v. Wojcicki*, 930 So. 2d 812, 814 (Fla. 3d DCA 2006)(concluding that plaintiff's claim stemmed from an alleged negligence during administrative termination proceedings is a DFR claim falling under PERC's exclusive jurisdiction). Accordingly, Plaintiff's fraud claim falls within the exclusive jurisdiction of PERC given that "'the manner in which [Mr. Ortiz, the union representative,] handle[d] the grievance … is subject to the statutory duty of fair representation' which is in turn subject to the exclusive jurisdiction of PERA." *See Tracy*, 2016 WL 7242140 at *10 (quoting *Galbreath*, 446 So. 2d at 1047). Therefore, Plaintiff's fraud claim must be dismissed for the Court's lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

### B.     The Fraud Claim is Precluded by the Statute of Limitations

Plaintiff's fraud claim is barred by the six (6)-month statute of limitation provided under the Public Employees Relations Act. FLA. STAT. § 447.503(6). The six (6)-month period is initiated

Case No.: 20-25132-Civ-Scola

when a charging party "knew or should have known" of the complained actions. *Local 1464, ATU v. City of Tampa*, 17 FPER ¶ 22012 (1990).

Here, the alleged "coerced" resignation occurred at latest in May 2017, approximately four (4) years prior to Plaintiff's institution of this action. D.E. 6 at ¶¶ 24. The six (6)-month statute of limitation was triggered almost four (4) years ago because Plaintiff was aware of the complained actions upon "bullied into signing [the] irrevocable form-letter of resignation by threatening immediate arrest and ensuing media shame." *Id.* at ¶ 1. Therefore, Plaintiff's fraud claim is barred by the six (6)-month statute of limitation provided under the Public Employees Relations Act and must be dismissed with prejudice.

## CONCLUSION

For all the reasons discussed above, this Honorable Court should dismiss Plaintiff's Amended Complaint as to Defendants, FOP and Mr. Ortiz, with prejudice.

**WHEREFORE,** Defendants, Miami Fraternal Order of Police, Lodge No. 20, Inc., misnamed in this action as Fraternal Order of Police, Walter E. Headley, Jr., Miami Lodge No. 20, and Javier Ortiz, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), respectfully request the entry of an order dismissing all the claims against Defendants with prejudice, and any such further relief as the court deems just and proper.

Case No.: 20-25132-Civ-Scola

Date: April 28th, 2021     Respectfully submitted,

*/s/ _John P. Golden _____*
Armando P. Rubio (Fla. Bar No. 478539)
John P. Golden (Fla. Bar No. 112509)
Fields Howell LLP
9155 S. Dadeland Blvd., Suite 1012
Miami, FL 33156
Phone: 786.870.5610
Fax: 855.802.5821
arubio@fieldshowell.com
jgolden@fieldshowell.com

*Attorneys for Defendants, Miami Fraternal Order of Police, Lodge No. 20, Inc. and Javier Ortiz*

**Certificate of Service**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Electronic Delivery via CM/ECF day to all counsel of record.

*/s/ __John P. Golden _____*
Armando P. Rubio (Fla. Bar No. 478539)
John P. Golden (Fla. Bar No. 112509)
FIELDS HOWELL LLP
9155 S. Dadeland Blvd., Suite 1012
Miami, FL 33156
Phone: 786.870.5610
Fax: 855.802.5821
arubio@fieldshowell.com
jgolden@fieldshowell.com