United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Melanie Ortiz, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-25132-Civ-Scola |
| | ) |
| City of Miami, and others, | ) |
| Defendants. | ) |

**Order Denying Motion for Reconsideration**

This cause is before the Court on Plaintiff Melanie Ortiz's motion for reconsideration of the order dismissing her claims (Order, ECF No. 80). For the reasons below, the Court **denies** Ms. Ortiz's motion (**Mot., ECF No. 85**).

**1. Background**

The Defendants in this action are the City of Miami (the "City"), the Miami Fraternal Order of Police, Lodge No. 20 (the "Order of Police"), Rodolfo Llanes, Fabio Sanchez, and Javier Ortiz. Mr. Llanes is the City of Miami's Chief of Police; Mr. Sanchez works in its Internal Affairs section; and Mr. Ortiz is the President of the Order of Police. (*See* Sec. Am. Compl. ¶¶ 5-9, ECF No. 48.)

Ms. Ortiz sued these defendants under 42 U.S.C. § 1983 alleging two counts: (1) a violation of her Fifth and Fourteenth Amendment due process rights stemming from her being coerced and/or forced to resign without the proper pre- and post-determination proceedings, and (2) a conspiracy to violate her constitutional rights. The Court dismissed Ms. Ortiz's second amended complaint finding that she failed to sufficiently plead either of her counts.

Ms. Ortiz now asks the Court to reconsider its dismissal under Federal Rule of Civil Procedure 59(e) on the basis of a flurry of inferences she says she is "entitled to" and that she says the Court did not consider in its order, which amounts to a "manifest error in law or fact." (*See* Reply 2, ECF No. 85.)

**2. Legal Standard**

Rule 59(e) allows a party to file a motion to "alter or amend a judgment." Fed. R. Civ. P. 59(e). A plaintiff "cannot use a Rule 59(e) motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005). As stated by this Court:

> "It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or

wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare."

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (cleaned up). As a result, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bautista v. Cruise Ships Catering & Serv. Int'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2004) (Dimitrouleas, J.) (cleaned up). The Court finds no error of fact or law in its prior order, and complements its reasoning here.

### 3. Discussion

In her motion, Ms. Ortiz challenges the Court's findings on her substantive arguments and its application of case law.

#### A. Failure to Plead a Constitutional Violation

A motion to dismiss under Rule 12(b)(6) concerns the sufficiency of a complaint. Ms. Ortiz alleged two counts that required her to plead the plausibility of a constitutional violation in connection with her resignation. *See Keating v. City of Miami*, 598 F.3d 753, 763 (11th Cir. 2010) (requiring that a plaintiff plead a violation of her constitutional rights for a section 1983 action); *Weiland v. Palm Beach Cty. Sheriff's Off.*, 792 F.3d 1313, 1327 (11th Cir. 2015) (requiring an actual constitutional violation for a section 1983 conspiracy claim); *Allaben v. Howanitz*, 579 F. App'x 716, 718 (11th Cir. 2014) (same).

Viewing the facts in the light most favorable to Ms. Ortiz, the Court found that she had failed to sufficiently plead such a violation. (Order 7, 9.) Ms. Ortiz says that ruling is flawed because it does not account for several inferences that she was "entitled to." (*See* Mot. 5-7.) The Court disagrees. Although the Court "must make reasonable inferences in Plaintiff's favor" at the motion to dismiss stage, the Court is "not required to draw [the Plaintiff's] inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248–49 (11th Cir. 2005); *see also Doe v. Samford Univ.*, No. 21-12592, 2022 WL 872338, at *9 (11th Cir. March 24, 2022); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

None of Ms. Ortiz's proffered inferences change the fact that she resigned from her position. "The Eleventh Circuit has decided that the state does not

deprive a plaintiff of his property interest in a job if the plaintiff voluntarily resigns." *Beack v. Pub. Health Trust of Miami-Dade County*, No. 09-20392-CIV, 2009 WL 1530216, at *1 (S.D. Fla. June 1, 2009) (King, J.) (cleaned up) (citing *Moorer v. City of Montgomery*, 293 Fed. App'x 684, 690 (11th Cir. 2008)). Thus, in this context, a voluntary resignation necessarily forecloses the plausibility of a constitutional violation stemming from that resignation.

Courts presume a resignation to be voluntary unless the plaintiff puts forward sufficient evidence to establish that it was involuntary. *See Moorer*, 293 Fed. App'x at 690. Where an *employer* forces the resignation by coercion or where the *employer* obtains the resignation by deception or misrepresentation of a material fact, the resignation will be deemed involuntary. *Hagray v. City of Hallandale*, 57 F.3d 1560, 1568 (11th Cir. 1995).

Ms. Ortiz's operative complaint could not plausibly overcome the presumption of a voluntary resignation for two reasons. First, Ms. Ortiz concentrated on what Mr. Ortiz told her in connection with her resignation, not what her *employer* told her (*e.g.*, Mr. Sanchez or Mr. Llanes). (*See* Compl. ¶ 17.) In fact, from the pleading, a reader is left wondering what—if anything at all— Mr. Sanchez or Mr. Llanes ever said to Ms. Ortiz about the evidence against her or her resignation. Thus, *Hagray*'s focus on the employer's actions went unsatisfied by Ms. Ortiz's complaint. Indeed, as discussed in the Court's previous order, Mr. Ortiz represented the Order of Police—not Ms. Ortiz's employer, the City of Miami.

Second, even if Mr. Ortiz's actions could be imputed to Ms. Ortiz's employer, Ms. Ortiz failed to allege plausible instances of coercion or misrepresentation. In evaluating the voluntariness of a resignation, courts consider the totality of the circumstances. *Hagray*, 57 F.3d at 1561. That may include factors such as whether the employee was given alternatives to resignation, the employee's understanding of the choice(s) given, the amount of time given to the employee to make the decision, whether the employee was allowed to select the effective date of the resignation, and whether the employee had the advice of counsel. *See id.*

The totality of the circumstances alleged did not suggest a plausible instance of coercion. In the operative complaint, Ms. Ortiz stated that—despite her mistaken presumptions about the reasons for the first interview—she knew she had been summoned to provide testimony concerning the tow-truck investigation. (Compl. ¶ 11.) She also stated that there was a lapse of time between her first interview and her second. (Compl. ¶ 17.) Although she alleged that Mr. Sanchez instructed her not to leave Internal Affairs and that Mr. Ortiz told her the Order of Police would not provide an attorney for her, at no point did Ms. Ortiz ever say that she was denied the ability to be accompanied by

counsel at either interview or the opportunity to confer with counsel before either interview. (*See id.*) Nor did Ms. Ortiz provide the Court with other details that could plausibly allow it to infer coercion from factors such as the interviews' length, the physical conditions of the interview rooms, or her ability to take breaks.

But perhaps most importantly, Ms. Ortiz alleged that Mr. Ortiz actually gave her a choice: to either face criminal charges or resign. (Compl. ¶ 17c.) That, indeed, is a choice: "resignations can be voluntary even where the only alternative to resignation is facing possible termination for cause or criminal charges since the plaintiff in such a situation still had a choice." *Moorer*, 293 Fed. App'x at 691 (cleaned up); *Bell v. Metropolitan Atlanta Rapid Transit Auth.*, No. 1:10-CV-1117-JEC, 2012 WL 4092509 at *7 (N.D. Ga. Sep. 17, 2012) (finding no deprivation of constitutional rights where employee resigned after being confronted with alternative of criminal charges). Because Ms. Ortiz had the option to resign and did not provide the Court much detail concerning the interviews, Ms. Ortiz's pleading could not overcome the presumption of her resignation's validity on account of a plausible instance of coercion—even if Mr. Ortiz's actions could be imputed to Ms. Ortiz's employer.

Ms. Ortiz also did not allege a plausible misrepresentation of a material fact. Despite alluding to the existence of what she claimed to be an exculpatory e-mail (*see* Compl. ¶¶ 20, 35(i); Opp. to Mot. to Dismiss 15, ECF No. 64), Ms. Ortiz did not allege how, if at all, she was lied to. She simply asserted, without factual backing, that the City obtained her resignation by "misrepresenting material facts." (Compl. ¶ 24.)

Left to wonder, the Court could only assume that Ms. Ortiz believed statements concerning certain evidence's usability in criminal proceedings were misrepresented. *See* Compl. ¶ 20 ("Internal Affairs possessed scant *usable* evidence") (emphasis added). However, the fact that evidence may be challenged does not mean that it cannot serve as the basis for criminal charges—a distinction Ms. Ortiz was doubtlessly aware of as a detective. And even then, the wording of Ms. Ortiz's allegation required the conclusion that at least some evidence *could* be used against her. *Cf. Hagray*, 57 F.3d at 1571 (evaluating for probable cause to assess the plaintiff's allegation of misrepresentation after being given the choice to face criminal charges in lieu of resignation). In the absence of substantive facts concerning how she was purportedly lied to, Ms. Ortiz provided the Court no basis to assess the plausibility of a misrepresentation's existence. That produces the same result even if Mr. Ortiz's actions could be imputed to Ms. Ortiz's employer.

The sum of Ms. Ortiz's pleading did not state enough facts to plausibly overcome the presumption of her resignation's validity. Ms. Ortiz thus failed to

adequately allege the constitutional violation she purported to sue on. The Court stands on its ruling for these reasons and those in its previous order.

### B. Application of the Law

Ms. Ortiz also says the Court applied precedent in a "broad-brush" manner that did not account for the fact her case was at the motion to dismiss stage. (*See* Mot. 12). The Court disagrees. In a format that is difficult to follow, this section of Ms. Ortiz's motion takes on the form of a listed summary of the cases the Court cited in its discussions of municipal liability, qualified immunity, and Ms. Ortiz's conspiracy claim. Next to the cases, Ms. Ortiz exposits her agreement or disagreement with those authorities in bullet-point format.

In that manner, Ms. Ortiz seems to invoke a challenge to the Court's reliance on *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), which is the leading case concerning the bases for municipal liability in section 1983 actions. To the extent Ms. Ortiz again argues that the Court did not uphold inferences she was entitled to when evaluating for her pleading's sufficiency under *Monell*, the Court finds no error with its ruling.

Ms. Ortiz attempted to allege an "unofficial policy" of unlawful action under *Monell* and its progeny on the basis of four resignations. (*See* Mot. 15-16; Reply 4.) Absent a formal policy, the wording of the four resignations could not reasonably show "a widespread practice that . . . is so permanent and well settled as to constitute a custom or usage with the force of law." *Moore v. Miami-Dade Cty.*, 502 F. Supp. 2d 1224, 1231 (S.D. Fla. 2007) (Gold, J.) (citing *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir.1991). In other words, four resignations—despite the conspiracy Ms. Ortiz alleged—cannot plausibly constitute a practice that is "so pervasive as to be the functional equivalent of a formal policy," which is what *Monell* requires. *See id.*

The remainder of Ms. Ortiz's arguments in this section of her motion concern her allegations of a conspiracy and the Court's discussion of qualified immunity. Both sets of arguments are disposed of by the Court's conclusion that Ms. Ortiz failed to state a constitutional violation for the above reasons and those in the Court's previous order.

### 4. Conclusion

Having found no manifest error of fact or law in its previous order, the Court **denies** Ms. Ortiz's motion for reconsideration (**ECF No. 85**). This case will **remain** closed.

**Done and ordered** in Miami, Florida, on April 13, 2022.

Robert N. Scola, Jr.
United States District Judge